UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTEL A. WEST,

        Plaintiff,                       CIVIL ACTION NO. 13-CV-14551

    vs.                                DISTRICT JUDGE LAWRENCE P. ZATKOFF

                                     MAGISTRATE JUDGE MONA K. MAJZOUB

SAGINAW TOWNSHIP POLICE
DEPARTMENT, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SUPPRESS [14] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND FOR COSTS [15]

      Plaintiff Quintel West, currently a prisoner at the St. Louis Correctional Facility in St. Louis, Michigan, has filed this action under 42 U.S.C. § 1983, against Defendants Saginaw Township Police Department and five of the Police Department's Detectives, Robert Bean, Jack Doyle, Kevin Gloude, Brian Pitt, and Thomas McCiernerny, alleging that they violated his Fourth Amendment rights and asserting claims of false imprisonment and malicious prosecution; Plaintiff seeks monetary damages along with a reversal of his sentence. (Docket no. 1.) The Court sua sponte dismissed Plaintiff's claims for reversal of his sentence and his claims for monetary damages against Defendants Pitt, McCiernerny, and the Saginaw Township Police Department. (Docket no. 7.) Thus, Plaintiff's only remaining claims are for monetary damages against Defendants Bean, Doyle, and Gloude. (*Id.*)

      Before the Court are Plaintiff's Motion to Suppress (docket no. 14) and Defendants' Motion

1

to Compel and for Costs (docket no. 15.) Neither party has filed a response to the other's Motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 8.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.      Background**

    **A.      Factual Background**

The Court succinctly set forth the factual background in this matter in its December 13, 2013 Order:

> The complaint alleges that, on May 31, 2012, defendant Jack Doyle and other officers illegally arrested Plaintiff on southbound I-675. A few minutes later, defendant Robert Bean arrived and illegally searched the vehicle that Plaintiff was driving. Defendant Bean seized a magazine to a gun from the car. The vehicle was towed to Saginaw Township where defendant Kevin Gloude conducted a second search and found a handgun and a bag of pills. The police seized electronics during the execution of a search warrant at 2020 Hanchette Street in Saginaw, Michigan. Plaintiff was "booked" for a "CCW" on May 31, 2012, and had fingerprint and DNA evidence taken from him without a warrant on June 11, 2012.
>
> Plaintiff claims that his arrest without a warrant was unlawful and that the searches and seizures conducted by the police were unreasonable. Plaintiff further claims that the police violated his Fourth Amendment rights by towing and impounding his vehicle and by seizing his cell phone. He asserts additional claims of false imprisonment and malicious prosecution. He seeks money damages and a reversal of his sentence.

(Docket no. 7 at 1-2.) On February 26, 2014, the remaining Defendants served Plaintiff with Defendants' First Sets of Interrogatories and Requests for Production of Documents. (*See* docket nos. 1 and 2.) Plaintiff did not respond.

**II.      Analysis**

    **A.      Plaintiff's Motion to Suppress**

Plaintiff's Motion to Suppress asks the Court to suppress the fruits of Defendants' allegedly improper search. (*See* docket no. 14.) It is not clear, however, whether Plaintiff is seeking suppression of such evidence in this matter or if he is arguing that the evidence should have been suppressed at his criminal trial. While Plaintiff's claims in this matter relate tangentially to whether this evidence was properly seized, neither the evidence itself nor whether it was properly introduced at trial is currently at issue. Thus, Plaintiff's Motion appears to have no relation to this matter. And to the extent that Plaintiff's Motion would ever be proper in this case, it is not yet ripe. Therefore, the Court will deny Plaintiff's Motion to Suppress.

**B.     Defendant's Motion to Compel**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A).

If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

Defendants' discovery requests were served on Plaintiff on February 26, 2014. Plaintiff did not respond. Defendants filed their instant Motion on April 10, 2014. Again, Plaintiff did not respond. Thus, the Court will grant Defendants' Motion to Compel.

Additionally, Defendants request that the Court award them costs, including a reasonable attorney fee, incurred in filing their Motion. (Docket no. 15 at 3.) Plaintiff has provided no reason for his failure to respond to Defendants' discovery requests or to their Motion. And Defendants have shown that they attempted to obtain Plaintiff's concurrence in the relief sought. (Docket no. 15-4.) Thus, the Court must award costs unless other circumstances would make the award unjust. Here, Plaintiff is an indigent prisoner proceeding pro se. Moreover, Defendants' Motion to Compel was particularly straightforward. (*See* docket no. 15.) While Plaintiff is not excused from failing to follow the Federal Rules of Civil Procedure, the Court finds that an award of costs would be unjust at this juncture. Nevertheless, Plaintiff is cautioned that if he fails to comply with this Order or fails to follow the applicable Rules in the future, the Court will consider awarding costs to Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Suppress [14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel and for Costs [15] is

4

**GRANTED IN PART AND DENIED IN PART** as follows:

- Plaintiff is ordered to provide full and complete responses to Defendants' Interrogatories and Requests for Production of Documents on or before August 29, 2014; and

- Defendants' Motion for Costs is Denied.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  July 22, 2014            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Quintel West and Counsel of Record on this date.

Dated: July 22, 2014             s/ Lisa C. Bartlett
                                 Case Manager